IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-02472-CMA-MJW

ERIN VOGEL

Plaintiff,

vs.

STANDARD INSURANCE COMPANY,
an Oregon Corporation

Defendant

## REPLY TO MOTION TO STRIKE EXPERT TESTIMONY PURSUANT TO F.R.E. 702

Plaintiff, Erin Vogel, by and through her counsel, INDERWISH & BONIFAZI, P.C., hereby submits this Reply in support of her Motion to Strike Expert Testimony. Plaintiff states the following:

Defendant Standard incorrectly argues that Plaintiff has mis-applied the correct legal test to exclude expert testimony pursuant to Fed.R.Evid. 702. Defendant's argument ignores the legal holdings of the 10th Circuit Court of Appeals in *Heer v. Costco Wholesale Corp., Heer v. Costco Wholesale Corp.*, [Order and Judgment attached hereto as Exhibit A] as well as ignores Judge Kreiger's Order Striking expert testimony in *Laasmar v. Phelps Dodge Corp. Life.*, 06-CV-00013 MSK-MJW, [Document 58 attached hereto as Exhibit B]. The stricken expert testimony in both cases is identical to the expert opinions Defendant's experts are opining in the instant

case. Consequently, Defendant Standard's expert testimony is equally unreliable and speculative violating Fed.R.Evid. 702 and must also be stricken.

Judge Kreiger found in **Laasmar v. Phelps Dodge Corp. Life.** that the decedent Mark LaAsmar's death was caused by a motor vehicle accident as found by the corner's report. However, Met Life denied the accidental death and dismemberment policy citing Mr. LaAsmar's intoxication, arguing that because he was intoxicated, alcohol must have caused or contributed to the accident and therefore, his death. The Court rejected expert testimony offered in support of Met Life's argument. The District Court held that "[o]ne might speculate that Mark LaAsmar's intoxication was related to the accident, but there is **no evidence** in the administrative record to establish that it caused either the accident or Mark LaAsmar's death." [**Emphasis Added**]

In **Heer v. Costco Wholesale Corp.**, the 10th Circuit affirmed the trial Court's Order Striking Ms. Heer's expert witness, Mr. Stolz, pursuant to Fed.R.Evid. 702. The Appelate Court agreed that striking Mr. Stolz's expert opinion was correct because it was unreliable because he failed to "**connect his observations to his conclusions.**" [**Emphasis Added**]

Upon review of Defendant Standard's Response, nearly 7 pages are spent reiterating Defendant's three expert's opinions none of which *connects his observations to his conclusions*. Reiterating each opinion once again proves that not one of the three experts was ever provided specific information and/or observations of Todd Vogel by anyone prior to his death. Absent being provided such information each expert could never have connected their observations to their conclusions. According to both of the

*Laasmar* and *Heer* cases, Colorado law requires an expert to have some subjective information about the decedent and/or observations detailing to what extent, if any, alcohol may have been affecting the decedent in order to connect those observations to the expert's conclusions.

The facts of the *Laasmar* and *Heer* cases are nearly identical to the facts in the Vogel Case. Standard's investigation never attempted to determine to what extent, if any, alcohol may have been affecting Todd Vogel just prior to entering the water. Standard's Response incorrectly assumes that Standard was entitled to remedy this reckless error, arguing its experts were justified in relying on police reports of the incident. As such, Standard's legal duty did not require Standard to do anything to verify the accuracy of the police reports or to verify that the police reports were complete. Incredibly, Standard's Response argues that the legal duty governing Standard's investigation never required Standard to interview each of the 5 survivors to determine Todd Vogel's condition just prior to his death.

The holdings of both *Laasmar* and *Heer* cases do not allow Standard or its experts to rely on police reports because they did not contain any specific observations or specific information about Todd Vogel just prior to his death. Specifically, each report is completely unreliable for purposes of determining the affects of alcohol because the police interviewing the five survivors never asked to what extent, if any, alcohol was affecting Todd Vogel before he entered the water.

The most compelling reason Standard's expert reports must be stricken is the express language detailed in each expert report. The *Laasmar* and *Heer* cases explicitly required each expert to "**connect [each expert's] observations to his conclusions.**" Review of each of Standard's expert reports definitively proves none of the three experts can connect their observations of Todd Vogel to each of their conclusions that alcohol caused or contributed to Mr. Vogel's death. Standard made no documentation of any observations or investigations of Mr. Vogel prior to his death and Standard's only explanation for failing to document these aforementioned observations of Mr. Vogel was that Standard was not legally required to do so.

Standard's expert unreliable and speculative opinions have been obtained with the hope that each expert opinion will rectify the fact that in every one of their claim denials, Standard concluded that alcohol must have caused or contributed to Mr. Vogel's death, since he had a blood alcohol content of .128, despite never investigating and/or verifying this conclusion. Clearly the *Laasmar* and *Heer* findings do not allow such rectification of Standard's failures, requiring each expert to be stricken.

**WHEREFORE**, Plaintiff Erin Vogel respectfully requests the Court to Approve the Motion to Strike Expert Testimony Pursuant to F.R.E. 702.

RESPECTFULLY SUBMITTED December 10, 2014.

BONIFAZI & INDERWISH, P.C.

/s/ Dan Bonifazi

Dan Bonifazi

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December 2014, a true and correct copy of the foregoing **REPLY TO MOTION TO STRIKE EXPERT TESTIMONY PURSUANT TO F.R.E. 702** was filed and served via Pacer.

Stacy A. Carpenter, Esq.
Thomas H. Wagner, Esq.
Joseph T. VanLandingham, Esq.
Polsinelli PC
1515 Wynkoop St., Ste. 600
Denver, CO 80202
scarpenter@polsinelli.com
twagner@polsinelli.com

*Attorneys for Defendant Standard Insurance Co.*

/s/ Emily Keil

Emily Keil, Legal Assistant